IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LORI SMITH, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civ. Action No. 3:10-CV-831-O-BK |
| § | |
| SHRED-IT USA, et al., § | |
| § | |
| Defendants. § | |

ORDER ACCEPTING FINDINGS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Recommendation of the United States Magistrate Judge (ECF No. 15), Defendants' Objections thereto (ECF No. 16), Plaintiff's Response to Defendants' Objections (ECF No. 17), and Defendants' Reply (ECF No. 18), filed in accordance with 28 U.S.C. § 636(b)(1). After reviewing all relevant matters of record in this case, the Court finds that the Findings and Conclusions of the Magistrate Judge are correct, and they are accepted as the Findings and Conclusions of the Court.

Under 28 U.S.C. § 636(b)(1), the Court must review *de novo* the pleadings, filings, and records of the case and the Findings, Conclusions, and Recommendations of the Magistrate Judge.

Defendants take issue with the Magistrate Judge's Findings and Conclusions regarding both Defendants' Motion to Dismiss filed under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) ("Rule 12(b)(6)") for Failure to State a Claim (Defs.' Mot. To Dismiss, ECF No. 6; Defs.' Mem. Supp. Mot. To Dismiss, ECF No. 7), and Plaintiff's Motion to Remand (ECF No. 11).

Defendants may remove civil actions filed in state court to federal court provided the

federal court would have had original jurisdiction over the claim at the time of its filing. 28 U.S.C. §1441(a), (b) (2002). Suits "founded on a claim or right arising under the Constitution" are "removable without regard to the citizenship or residence of the parties." *Id.* at §1441(a). All other actions are "only removable if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* at §1441(b); *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 375 (5th Cir. 2006). The party seeking removal bears the burden of establishing the facts necessary to show federal jurisdiction exists. *St. Paul Ins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Removal statutes must be strictly construed in favor of remand, *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002), and any doubt as to the propriety of removal should be resolved in favor of remand, *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007).

In evaluating whether any defendant is a citizen of the State in which the action was originally filed for the purposes of §1441(b), the court considers only the citizenship of real and substantial parties to the litigation, not nominal parties with no real interest in the litigation. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980). The party seeking removal bears a heavy burden of proving that joinder of an in-state defendant was improper. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc); see also *Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003). There are two ways to establish improper joinder of a defendant: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Larroqette,* 466 F.3d at 376 (quoting *Smallwood,* 385 F.3d at 573). Defendants only claim improper joinder on the second ground. *See* Defs.' Objections to Mag. J.'s Recommendations 3, ECF No. 16.

In determining whether a plaintiff can establish a cause of action against a non-diverse

2

defendant, "a court may conduct a Rule 12(b)(6)-type analysis," or if plaintiff "has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d at 573. "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.* (footnote omitted). As long as there is a "reasonable basis to predict [a plaintiff] might be able to recover" joinder was proper. *Larroqette,* 466 F.3d at 377. In making the improper joinder inquiry, the court must resolve all issues of fact in favor of the plaintiff. *Travis*, 326 F.3d at 648-49. "Any contested issues of fact and any ambiguities of state law must be resolved in [the plaintiff's] favor." *Id.* at 649 (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)). Absent a need to pierce the pleadings, the improper joinder analysis required to adjudicate the motion to remand falls under an analogous legal standard to the motion to dismiss for failure to state a claim under Rule 12(b)(6).

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Assuming that all the factual allegations are true, even if doubtful, the complaint must raise the right to relief above the speculative level. *Id.* To overcome a motion to dismiss, a complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). Such analysis must be done in the context of the notice pleading standards of FEDERAL RULE OF CIVIL PROCEDURE 8 ("Rule 8 ") which requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief in order to 'give defendant fair notice of what the . . . claim is and the grounds upon

3

which it rests.'" *Bell Atl. Corp.*, 550 U.S. at 554-55 (quoting Rule 8). When considering the issue of improper joinder, the goal of the analysis is to determine if the plaintiff has the ability to plead a cause of action against the in-state defendant *under state law*.

Defendants' first issue with the Magistrate Judge's recommendation is that it ignores various federal court pronouncements that Texas law requires defamation claims to specifically plead the time and place of the publication of the defamatory statement. *See* Defs.' Objections to Mag. J.'s Recommendations 4, ECF No. 16.

First, several of the cases cited by Defendants do not deal with removal, but with either motions to dismiss or summary judgment motions. *See, e.g. Jackson v. Dallas Independent School District*, No. 3:98-CV-1079, 1998 WL 386158, at *5 (N.D. Tex. July 2, 1998); *see also Williams v. Westway Ford*, No. 3:04-CV-2696, 2006 WL 1457540 (N.D. Tex. May 23, 2006). While the improper joinder inquiry requires a Rule 12(b)(6)-type analysis, the standards are analogous, not identical. *Travis*, 326 F.3d at 648-49 (noting the "similarity" of the two standards). The focus in improper joinder cases is on the plaintiff's possibility of success in state court. *Id.* Rule 12(b)(6) cases decide whether relief is "plausible" in federal court. *Bell Atl. Corp.*, 550 U.S. at 570. In addition, while this Court must allow a Plaintiff confronting dismissal under Rule 12(b)(6) leave to amend their complaint, the Court cannot allow such re-pleading in the remand context. *Brown v. Sw. Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990) (holding that the issue of jurisdiction must be resolved by looking at the pleadings at the time of removal). As these differences illustrate, Plaintiff's motion to remand requires independent analysis and is not controlled by federal pleading standards or summary judgment jurisprudence; additionally, this Court need not, and does not, decide the sufficiency of Plaintiff's claims under the federal pleading standards of Rule 12(b)(6).

4

For example, the earliest case cited by Defendants is *Jackson v. Dallas Independent School District*, No. 3:98-CV-1079, 1998 WL 386158, at *5 (N.D. Tex. July 2, 1998), which involved, in pertinent part, a 12(b)(6) motion to dismiss a defamation claim. *Id.* The court in *Jackson* cited to *Federal Practice and Procedure*, 5 Charles A. Wright & Arthur Miller *Federal Practice and Procedure* §1309 (3d ed. 2010) and *Wiggins v. District Cable Television Inc.*, 853 F. Supp. 484 (D.D.C. 1994) because federal pleading standards govern Rule 12(b)(6) motions, even in a diversity action concerning state substantive law. *See Jackson*, 1998 WL 386158 at *5. Therefore, the statement in *Jackson* correctly relies upon extant federal case law regarding defamation claims.

Similarly, in *Williams v. Westway Ford*, No. 3:04-CV-2696, 2006 WL 1457540 (N.D. Tex. May 23, 2006), the court considered Texas defamation law in the context of a FEDERAL RULE OF CIVIL PROCEDURE 56(c) motion for summary judgment. *Id.* at *1. The court cited both *Jackson* and *Federal Practice and Procedure*, *Id.* at *11, in analyzing the sufficiency of the plaintiff's claims. *Id.* These federal standards, however, do not govern the instant case. The improper joinder inquiry looks foremost to whether a reasonable possibility of recovery exists in state court. *Larroqette,* 466 F.3d at 377; *see also Travis*, 326 F.3d at 647-49.

Therefore, Defendants' reliance upon cases involving Rule 12(b)(6) or Rule 56 is misplaced. These cases, while perhaps evincing a federal pleading standard in this Circuit, do not speak to the ultimate question before this Court: "If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Travis*, 326 F.3d at 648 (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). As such, neither the Rule 12(b)(6) cases, *see Redden v. Smith & Nephew, Inc.*, No. 3:09-CV-1380, 2010 WL 2944598, *5 (N.D. Tex. July 26, 2010) (construing Texas

5

defamation law in the context of a motion to strike and Rule 12(b)(6)); *TracFone Wireless, Inc. v. Carson*, No. 3:07-CV-1761, 2008 WL 4107584 (N.D. Tex. Aug. 28, 2008) (ruling on a Rule 12(b)(6) motion to dismiss); *Garrett v. Celanese Corp.*, No. 3:02-CV-1485, 2003 WL 22234917, *4-5 (N.D. Tex. Aug. 28, 2003) (same), nor the Rule 56 cases, *see Watkins v. Texas Department of Criminal Justice*, 269 F. App'x 457, 465-66 (5th Cir. 2008) (construing Texas defamation law in the context of a Rule 56 summary judgment motion); *Dimitric v. Texas Workforce Commission*, No. G-07-247, 2009 WL 674391 (S.D. Tex. Mar. 13, 2009) (same), control the outcome of the instant case.

Second, the removal cases cited by Defendants contain conclusory allegations substantially different from those contained in Plaintiff's Original Petition. *See* Defs.' Notice of Removal, ECF No. 1. Plaintiff alleges that Defendants made allegations against her in May, 2009. *Id.* at 24. Specifically, on May 29, 2009 Plaintiff was directed to stay home by Denver Meyer as he commenced an investigation regarding those allegations. *Id.* On June 8, 2009, presumably at the end of the investigation, Plaintiff was terminated. *Id.* In sum, Plaintiff alleges that during the course of the investigation at Shred-It from May 29 to June 8, 2009, Defendants made defamatory statements to Denver Meyer. *Id.* Moreover, Plaintiff alleges the specific statements made by Defendants, their relationship to one another and potential reasons for their alleged animus against her. *Id.* 23-24.

In contrast, a review of the cases cited by Defendants illustrates a marked dearth of specificity, falling well short of the pleadings in the instant case. In *Strickland v. Aaron Rents, Inc.*, No. EP-05-CA-13-OB, 2005 WL 2035528 (W.D. Tex Aug. 22, 2005), plaintiff simply alleged that the defendant made "verbal and written statements ... regarding theft" to unnamed police officers. *Id.* at *3. Such conclusory allegations failed to specify the precise nature of the

defamatory statements, the time or place of publication, or the third party. *Id.* Similarly, in *Hernandez v. Wal-Mart Assoc., Inc.*, No. EP-06-CA-233-FM, 2006 WL 2883080 (W.D. Tex. Sept. 19, 2006), the plaintiff failed to allege even a vague time period of publication or any third party. *Id.* at *5. Moreover, the statements in *Hernandez* were true and therefore not defamatory. *Id.* (concluding that defendants' "statements or communications would not have been defamatory, but merely an accurate representation of Hernandez's admitted conduct").

In *Lowery v. Allstate Country Mutual Insurance Co.*, No. 3:06-CV-1886, 2007 WL 1231703 (N.D. Tex. Apr. 23, 2007), the plaintiff conclusorily stated that the Defendant "made false accusations about Plaintiff's work ability that have damaged her reputation" and "published slanderous communications." *Id.* at *3-4. As such, "the court [could not] reasonably infer from the bare-bones pleading that any allegedly defamatory statements were made or published to a third party." *Id.* at *4. Moreover, the plaintiff failed to allege the subject matter of the defamatory statements or the time or place that they occurred. *Id.*

This Court confronted similarly conclusory allegations in *Rawlings v. Travelers Property Casualty Insurance Co.*, No. 3:07-CV-1608, 2008 WL 2115606 (N.D. Tex. May 20, 2008). In *Rawlings* the plaintiff alleged that the defendant "said false, discrediting and slanderous statements regarding Plaintiff." *Id.* at *7. Facing such bare allegations, this Court concluded that there was "no possibility" of recovery because the plaintiff did "not identify the content or character of any specific defamatory statements or the time or place of such statements." *Id.* Further, the plaintiff in *Rawlings* failed to allege any publication or third party. *Id.* Such "bare bones pleading" did not even allow this Court to make any inferences in favor of the plaintiff. *Id.*

Lastly, Defendants cite to *Gipson v. Wal-Mart Stores, Inc.*, No. H-08-2307, 2008 WL

7

4844206 (S.D. Tex. Nov. 3, 2008). In *Gipson*, while the plaintiff alleged "the time, place, and speaker of the allegedly defamatory statements," the plaintiff failed to allege that defendant "made any statements to a third-party or otherwise published the statements forming the basis of her claim." *Id.* at 9. In the absence of any relevant allegations, the court could not even infer the identity of a third party. *Id.*

In contrast, Plaintiff in the instant case alleges the time, place, subject matter, motive and third party listener of the allegedly defamatory statements. *See* Defs.' Notice of Removal 23-25, ECF No. 1. Plaintiff also specifies the allegedly defamatory statements made by Defendants. *Id.* at 24. These allegations stand in marked contrast to the stark, conclusory pleadings found in the above-cited cases. While those bare bone allegations failed to give rise to even a possibility of success in state court, the instant allegations contain far more substance and specificity. Moreover, the substance of the instant pleadings must be considered in light of the admonitions of multiple prior courts to resolve "any contested issue of fact and any ambiguities of state law" in plaintiff's favor, *Travis*, 326 F.3d at 649 (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999), and to resolve any doubts as to the propriety of removal in favor of remand, *Gasch*, 491 F.3d at 282. In light of those admonitions, this Court must determine whether the defamation claims against the in-state defendants have a reasonable possibility of success in a Texas court. *Smallwood*, 385 F.3d at 573.

An analysis of Texas law illustrates that Plaintiff has sufficiently alleged the elements of defamation under Texas law and raised a reasonable possibility of success in state court. In *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568 (Tex. 1998), the Texas Supreme Court stated: "To maintain a defamation cause of action, the plaintiff must prove that the defendant: (1) published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with

8

either actual malice, if the plaintiff was a public official or public figure, or negligence, if the plaintiff was a private individual, regarding the truth of the statement." *Id.* at 571 (citing *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989)). A statement is defamatory if it tends to injure a person's reputation and thereby expose the person to public hatred, contempt, or ridicule, or financial injury or to impeach any person's honesty, integrity, or virtue. See *Cain v. Hearst Corp.*, 878 S.W.2d 577, 580 (Tex. 1994). Texas recognizes two forms of defamation. Libel requires publication of a written defamatory statement about the plaintiff to a third party. *Id.*; *see also M.N. Dannenbaum, Inc. v. Brummerhop*, 840 S.W.2d 624, 633-34 (Tex. App.–Houston 1992, writ denied). Slander is "a defamatory statement orally published to a third party without justification or excuse." *Cain*, 878 S.W.2d at 580 (quoting *Shearson Lehman Hutton, Inc. v. Tucker*, 806 S.W.2d 914, 921 (Tex. App.–Corpus Christi 1991, writ dism'd w.o.j.)). None of these cases specifically mention time or place as substantive elements of a defamation claim under Texas law. Like the Magistrate Judge (Mag. J.'s Recommendations 7, ECF No. 15), this Court has been unable to locate any Texas statutory or case law requiring a plaintiff to specify the exact time and place of publication. To the contrary, in *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640 (Tex. 1995), the Texas Supreme Court considered a defamation claim involving an internal company investigation. The court never addressed and implicitly accepted plaintiff's contention as sufficient that the defendants had "defamed her in the course of its investigations." *Id.* at 646.

Since there appears to be no authority indicating Texas courts would utilize the federal pleading standard, this uncertainty should be resolved in favor of remand. Given both the extent of the pleadings and the strong presumption in favor of remand, the Court has a "reasonable basis" for predicting the possibility of recovery in state court. Therefore, the Magistrate Judge

9

properly recommended granting Plaintiff's motion to remand.

Defendants' second objection to the Magistrate Judge's recommendation is that Plaintiff must plead that the alleged defamatory statements were unprivileged. *See* Defs.' Objections to Mag. J's Recommendations 8, ECF No. 16. While "an employer has a conditional or qualified privilege that attaches to communications made in the course of an investigation following a report of employee wrongdoing" *Randall's Food Mkts*, 891 S.W.2d at 646 (citing *Sw. Bell Tel. Co. v. Dixon*, 575 S.W.2d 596, 599 (Tex. Civ. App.–San Antonio 1978, writ dism'd)), "proof that a statement was motivated by actual malice existing at the time of publication defeats the privilege." *Id.* When Plaintiff states in her original state court petition that statements by Defendants were "false and untrue" and made "with knowledge of their falsity" and "with malice and a lack of good faith," she properly pled by inference that the statements were unprivileged. *See* Defs.' Notice of Removal 28, ECF No. 1. To defeat such an allegation, "an employer must conclusively establish that the allegedly defamatory statement was made with an absence of malice." *Randall's Food Mkts*, 891 S.W.2d at 646. As such, the Magistrate Judge properly recommended granting the motion to remand despite Plaintiff's purported failure to plead that the alleged defamatory statements were unprivileged.

Defendants' next objection is that the Magistrate Judge disregarded the absence of a writing in Plaintiff's libel allegations because Plaintiff could correct such pleading deficiencies in state court. *See* Defs.' Objections to Mag. J.'s Recommendations 8, ECF No. 16. Defendants correctly note that, for the purposes of considering removal, "the question of whether jurisdiction exists is resolved by looking at the complaint at the time the petition for removal is filed." *Brown*, 901 F.2d at 1254. Plaintiff's Original Petition, however, does plead a cause of action for slander against Defendants. *See* Defs.' Notice of Removal 27, ECF No. 1. While Plaintiff later

incorrectly uses the term "libel per se," the initial statement of the allegations clearly states that the defamation claim is based on a theory of slander. *Id.* As such, it is clear that the Plaintiff stated a claim for slander, which does not require the existence of a writing. *Kelly v. Diocese of Corpus Christi*, 832 S.W.2d 88, 91 (Tex. App.–Corpus Christi 1992, writ dism'd w.o.j.) (noting that slander is an oral defamation). Therefore, the Magistrate Judge properly recommended granting the motion to remand even though Plaintiff did not allege the existence of a writing.

Defendants' fourth objection is that the Magistrate Judge recommended that complaints of sexual harassment to an employer may be actionable defamation. *See* Defs.' Objections to Mag. J's Recommendations 9, ECF No. 16. Defendants fail to cite any relevant Texas statutes or case law. *Id.* While Defendants rely on *Rawlings*, this Court never considered the issue, and there was no evidence that the alleged defamatory statements in that case were communicated to any third party. *Rawlings*, 2008 WL 2115606, at *6. Defendants also rely on *Garrett*, but the court in *Garrett* relied primarily upon the fact that a writing in Plaintiff's file was not published to any other person. *Garrett*, 2003 WL 222234917, at *5. While the *Garrett* court does note a Fifth Circuit holding that "where a letter is private, between officers of a corporation, in the course of the company's business, and is not communicated to others, there is no publication in respect of the corporation and it cannot be held in damages," *Id.* (quoting *Biggs v. Atl. Coast Line R. Co.*, 66 F.2d 87, 87 (5th Cir. 1933)), that point really goes to Defendants' further objection that the alleged defamatory statements were made in the course and scope of their employment. As discussed below, this Fifth Circuit case from the 1930's directly conflicts with current Texas law. Lastly, Defendants cite to *Lowery*, but the holding in *Lowery* directly conflicts with the Texas Supreme Court's more recent decision in *Minyard Stores, Inc. v. Goodman*, 80 S.W.3d 573, 579 (Tex. 2003). Therefore, the Magistrate Judge properly

11

recommended granting the motion to remand even thought the allegedly defamatory statements were complaints of sexual harassment to an employer.

Defendants' fifth objection is that the Magistrate Judge disregarded binding precedent that statements of opinion are not actionable defamation as a matter of law. *See* Defs.' Objections to Mag. J.'s Recommendations 13, ECF No. 16. In making such a broad generalization, Defendants greatly overstate the protection afforded to opinion under current Texas and federal law. In *Bentley v. Bunton*, 94 S.W.3d 561 (Tex. 2002), the Texas Supreme Court followed the direction of the U.S. Supreme Court in finding it "unnecessary to create a separate privilege for 'opinion' defined by some multi-factor test, as some courts had done." *Bentley*, 94 S.W.3d at 579; *see Milkovich v. Lorain Journal Co.*, 497 U.S. 1 (1990). In *Bentley*, the Texas Supreme Court discussed allegations that a judge was "corrupt" in the context of the dichotomy between fact and opinion for the purposes of assessing a defamation claim. *Bentley*, 94 S.W.3d at 580-83. The court noted that the entire context must be considered when assessing whether such a statement should be deemed a statement of fact or opinion. *Id.* The fact that corruption, much like sexual harassment, "may also be used as a statement of fact that can be proved true or false," weighs in favor of finding it a statement of fact. *Id.* at 581-82. As such, both the U.S. and Texas Supreme Courts rejected the rigid dichotomy of fact and opinion for the purposes of assessing defamation claims put forward by Defendants. Additionally, Plaintiff did not simply allege that Defendants categorized her actions as sexual harassment; rather, Plaintiff alleged individual facts in support of that categorization. *See* Defs.' Notice of Removal 24, ECF No. 1. Therefore, the Magistrate Judge properly recommended granting the motion to remand even though the allegedly defamatory statements were statements of opinion.

Lastly, Defendants take issue with the Magistrate Judge's recommendation that

Defendants can be held personally liable for the alleged defamatory statements occurring in the scope and course of their employment. *See* Defs.' Objections to Mag. J.'s Recommendations 14, ECF No. 16. Defendants first claim that, because Plaintiff is not a public figure, "Plaintiff must show that Ortega and Fenton acted negligently." *Id.* As the Texas Supreme Court stated in *WFAA-TV*, "[p]rivate plaintiffs must prove that the defendant was *at least* negligent." *WFAA-TV*, 978 S.W.2d at 571 (emphasis added). Defendants next claim that Plaintiff must plead and prove an independent duty owed to Plaintiff by Defendants. Under Texas Law, assuming the allegations set out in Plaintiff's original complaint are true, *Travis*, 326 F.3d at 648-49, Defendants were not acting in the course and scope of their employment. *Minyard Stores*, 80 S.W.3d at 578. In order for the defamatory statements to have been made in the course and scope of employment, Texas law "requires that the employee's defamation must have occurred while the employee was acting for the employer's benefit." *Id.* In concluding that defamatory statements made in the course of an internal investigation were not made in the course and scope of employment, the Texas Supreme Court in *Minyard Stores* stated, "[w]hile we agree the evidence demonstrates that Minyard's policies require employees to participate in workplace misconduct investigations–just as Heflin did here–these policies do not demonstrate that Heflin's defaming Goodman to Flowers during the investigation would further Minyard's business and accomplish a purpose of Heflin's job." *Id.* "There is a critical distinction between defaming someone to one's employer and defaming someone for one's employer." *Id.* Assuming Plaintiff's allegations as true, Defendants intentionally made false and defamatory remarks to their employer, rather than for their employer, during the course of the internal investigation. *See* Defs.' Notice of Removal 24, 28, ECF No. 1. Such defamatory statements would, therefore, not be in the course and scope of employment under Texas law. Therefore, the Magistrate Judge

properly recommended granting the motion to remand.

After reviewing all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation of the United States Magistrate Judge (ECF No. 15), Defendants' Objections thereto (ECF No. 16), Plaintiff's Response to Defendants' Objections (ECF No. 17), and Defendants' Reply (ECF No. 18), the undersigned District Judge is of the opinion that the Findings and Conclusions of the Magistrate Judge are correct, and they are accepted as the Findings and Conclusions of the Court. By separate judgment, the Court formally grants the motion to remand.

**SO ORDERED** on this **23rd** day of **September, 2010.**

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**